IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.   1:17-CR-302 (FJS) |
| | ) | |
| **v.** | ) | **Sentencing Memorandum** |
| | ) | |
| **MILES BAILEY,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

### UNITED STATES' SENTENCING MEMORANDUM

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum in the above-captioned case. The United States requests that the Court impose a sentence consistent with the federal sentencing guidelines, specifically, to a term of imprisonment within the applicable federal sentencing guidelines range. This punishment is just because the defendant and his coconspirators executed a complex plan to defraud the Department of the Treasury by stealing people's identities, thereby causing damage to hundreds of victims for years to come. The defendant personally perpetuated the fraud by creating a tax preparation business to operate as a front for the scam and controlling the flow of the fraud proceeds.

The United States has no objections to the initial presentence investigation report. The United States recommends that the Court decrease the amount of restitution owed by the defendant from $1,963,991 to $1,916,928 to reflect the fact that the United States Treasury was able to reclaim $47,063 in illegal proceeds from the defendant's bank accounts. The United States has passed this information on to U.S. Probation Officer Sheffer and defense counsel.

### I.   INTRODUCTION

On November 28, 2018, minutes before his trial was set to begin, the defendant pleaded guilty to all ten counts of the superseding indictment: one count of conspiracy to steal public

money, in violation of 18 U.S.C. § 371; six counts of theft of public money, in violation of 18 U.S.C. § 641; and three counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A. The defendant is scheduled to be sentenced on July 11, 2019.

## II.     APPLICABLE STATUORY AND GUILDELINES PROVISIONS

### A.     Statutory Maximum Sentence

The defendant's conviction for conspiracy to steal public money, in violation of 18 U.S.C. § 371, subjects the defendant to a statutory maximum term of five years of imprisonment, a term of supervised release of up to three years, a fine of up to $250,000, and a mandatory special assessment of $100.  The defendant's convictions for theft of public money, in violation of 18 U.S.C. § 641, subject the defendant to a statutory maximum term of ten years of imprisonment, a term of supervised release of up to three years, a fine of up to $250,000, and a mandatory special assessment of $100 per count. The defendant's convictions for aggravated identity theft, in violation of 18 U.S.C. § 1028A, subject the defendant to a mandatory two years of imprisonment, a term of supervised release of up to one year, a fine of up to $250,000, and a mandatory special assessment of $100 per count.

### B.     Guidelines Provisions

Under the federal sentencing guidelines, the base offense level for the defendant's convictions is six.  The United States agrees with the presentence report that the defendant is subject to a sixteen-level enhancement for loss pursuant to U.S.S.G. § 2B1.1(b)(1)(I); a two-level enhancement because the offense involved more than ten victims, pursuant to U.S.S.G. § 2B1.1; and a two-level enhancement because the offense involved sophisticated means, pursuant to U.S.S.G. § 2B1.1(b)(10)(C).  The United States does not object to a two-level reduction for the defendant's acceptance of responsibility through his guilty plea.   According to the presentence

report, with which the United States agrees, the defendant's criminal history category is category I.

Therefore, the total offense level for Counts One through Seven is 24. The required term of imprisonment on Counts Eight through Ten is two years, to be imposed consecutive to the term imposed for Counts One through Seven. *See* 18 U.S.C. § 1028A(b)(2). The federal sentencing guidelines advise that the defendant receive a sentence of 51-60 months for Count One and 51-63 months for Counts Two through Seven, to be followed by a sentence of two years for Counts Eight through Ten, and a term of supervised release of up to three years for Counts One through Seven and one year for Counts Eight through Ten.

The defendant is also required to pay restitution of $1,916,928 to the United States Department of the Treasury and a forfeiture money judgment of $1, 916,928.   Under the guidelines, the defendant is subject to a fine of $10,000 to $100,000.  *See* PSR ¶ 102.

### III.     UNITED STATES' SENTENCING RECOMMENDATION

The United States respectfully requests that the Court impose a sentence of imprisonment within the guidelines range for Counts One through Seven and a consecutive sentence of two years for Counts Eight through Ten, to be followed by a guidelines-range term of supervised release. Such a sentence will be sufficient, but not greater than necessary, to comply with the sentencing purposes set forth in 18 U.S.C. § 3553(a). The nature and circumstances of the defendant's crimes, the history and characteristics of the defendant, and the seriousness of the offenses weigh in favor of a within-guidelines sentence. The defendant knowingly played a key role in a sophisticated, extensive fraud scheme that caused nearly $2 million in losses to American taxpayers and caused harm to over three hundred identity theft victims.  The defendant set up a business front to pretend that he was a qualified, reputable tax preparer, opened shell bank accounts, and conducted financial

transactions designed to hide the source of the illegal proceeds. For these reasons, a guidelines term of imprisonment is warranted.

                                        Respectfully submitted,

                                        GRANT C. JAQUITH
                                        United States Attorney

                                    By: */s/ Megan K. Kistler*
                                        Megan K. Kistler
                                        Assistant United States Attorney
                                        Bar Roll No. 700288